**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUGUSTUS M. BROWN II and SHERRIE FINCH,

        Plaintiff(s),

 vs.

HOLLYWOOD VIDEO ENTERTAINMENT CORPORATION, et al.,

        Defendant(s).
        /

Case No. 09-2750 MHP

**ORDER DENYING IN FORMA PAUPERIS FILING AND DISMISSING COMPLAINT**

      Plaintiffs file this complaint making a number of allegations with respect to racial bias, discrimination, fraud, and other theories of liability arising from an incident that occurred at a local video rental establishment. The complaint is devoid of any allegations that would give this court either federal question or diversity jurisdiction. The only federal statute alleged is Title VII of the Civil Rights Act of 1964, which makes it unlawful to discriminate in the terms and conditions of employment. However, plaintiffs allege they were customers of the video store, not employees. The only other claim referencing federal law is the statement "and other California and Federal laws". No other federal laws are specified. There is a general reference to "Constitutional Law", but again there is no specific provision of the United States Constitution alleged.

      All of the claims are based on California statutes or common law and are not within this court's federal question jurisdiction. This leaves only diversity jurisdiction and it is clear that there is no diversity jurisdiction. No allegations are made that would be necessary to invoke this court's diversity jurisdiction. It appears from all the papers submitted that plaintiffs are citizens of California, residing in Contra Costa County, and that all defendants including the individually named defendants are also citizens of California, the defendant business location also being in

1  Contra Costa County. Thus, this court has no subject matter jurisdiction over these claims.

2  The district court may deny in forma pauperis status and dismiss a complaint sua sponte if
3  federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C.
4  §1915(e)(2). Where a complaint fails to state "any constitutional or statutory right that was violated,
5  nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law"
6  under Neitzke v. Williams, 490 U.S. 319, 325 (1989) (found to be superseded on other grounds by
7  reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory),
8  see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d
9  593, 596 (2dCir.2000), and the court on its own initiative may decline to permit the plaintiff to
10 proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106
11 (9th Cir. 1995).

12  If the pro se plaintiff can cure the factual allegations in order to assert jurisdiction, the court
13 may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court
14 may dismiss without leave to amend and even dismiss with prejudice.  See Cato v. United States, 70
15 F.3d at 1106.

16  The court fails to see how plaintiffs could state any claim over which this court would have
17 jurisdiction. Certainly, there is nothing that appears from the papers that falls within the court's
18 federal question or diversity jurisdiction. Therefore, the application to file in forma pauperis is
19 DENIED and the complaint is DISMISSED without prejudice. Plaintiffs are free to file their
20 complaint in state court, i.e., the Superior Court for the County of Contra Costa, which would appear
21 to have jurisdiction over their claims. This court does not by this suggestion indicate any opinion on
22 the merits of plaintiffs' claims..

23  IT IS SO ORDERED.

25  Date: June 26, 2009

MARILYN HALL PATEL
United State District Court Judge
Northern District of California

2